PEOPLE v ADAIR

Docket No. 165341. Submitted March 1, 1994, at Grand Rapids.
   Decided October 17, 1994, at 9:20 A.M. Leave to appeal sought.
   William D. Adair was bound over to the Jackson Circuit Court on
   two counts of criminal sexual conduct in the third degree for
   allegedly sexually assaulting his wife. The defendant denied
   that the incident took place. Before trial, the defendant sought
   an order permitting him to offer at trial evidence that he and
   his wife had consensual sexual relations after the date of the
   incident that resulted in the criminal charges for the purpose
   of showing that it was unlikely that the alleged sexual assault
   had taken place. The trial court, Chad C. Schmucker, J., found
   that the rape-shield statute, MCL 750.520j; MSA 28.788(10), did
   not prohibit the use of evidence of a victim's sexual conduct
   with a defendant that occurred after an alleged sexual assault
   but before the trial and that the probative value of the prof-
   fered evidence outweighed its prejudicial effect and ordered
   that questions and testimony concerning sexual contact be-
   tween the defendant and the victim occurring within thirty
   days after the incident would be permitted. The prosecutor
   appealed by leave granted.
      The Court of Appeals held:
      1. The rape-shield statute provides that all evidence of spe-
   cific incidents of a victim's sexual conduct is inadmissible
   except where it is material and its probative value is not
   outweighed by its inflammatory or prejudicial nature and it
   deals with two specific topics, one of which is that it is "evi-
   dence of the victim's past sexual conduct with the actor." MCL
   750.520j(1)(a); MSA 28.788(10)(1)(a).
      2. The phrase "past sexual conduct" must mean sexual
   conduct that took place before the incident that resulted in the

REFERENCES

Am Jur 2d, Evidence § 497.
Modern status of admissibility, in forcible rape prosecution, of
   complainant's prior sexual acts. 94 ALR3d 257.
Admissibility in rape case, under Rule 412 of Federal Rules of
   Evidence, of evidence of victim's past sexual behavior. 65 ALR
   Fed 519.

criminal charge and does not mean all sexual conduct that took place before trial, as the trial court believes, because the trial court's construction renders the word "past" surplusage or nugatory. Courts, in interpreting legislative enactments, should assume that each word has some meaning and will avoid any construction that renders a statute or any part of the statute surplusage or nugatory.

3. Because the defendant intended to use evidence of sexual conduct with his wife that occurred after the alleged assault for general impeachment of her, his defense being that the incident did not happen and not that it took place with her consent, the constitutional right of confrontation is not at issue. Accordingly, the trial court erred in ordering that the defendant could present at trial evidence of sexual contact between the defendant and his wife that occurred within thirty days after the alleged criminal conduct.

Order vacated in part.

W. J. GIOVAN, J., dissenting, stated that the majority reaches its result by relying on a rule of statutory construction that assumes that the Legislature has carefully considered every word of the statute while admitting a belief that the Legislature probably never contemplated this situation. The word "past" was used in the statute in its ordinary sense and referred to all conduct that occurred before trial. The decision of the trial court should be affirmed.

WORDS AND PHRASES — "PAST SEXUAL CONDUCT" — RAPE-SHIELD
  STATUTE.
    The phrase "past sexual conduct" as used in the rape-shield statute refers to conduct that occurred before an incident upon which a criminal charge is based (MCL 750.520j[1][a]; MSA 28.788[10][1][a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis Hurst,* Prosecuting Attorney, and *Michael Dungan,* Assistant Prosecuting Attorney, for the people.

*Travis Ballard,* for the defendant.

Before: McDONALD, P.J., and SHEPHERD and W. J. GIOVAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

McDONALD, P.J. The people appeal by leave granted a May 26, 1993, order permitting the admission of evidence regarding subsequent sexual acts between defendant and the victim, defendant's wife, in this prosecution of defendant for two counts of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4). We vacate that portion of the order.

The charges arise out of an alleged incident that occurred in the early morning hours of September 27, 1992. Although a complaint for divorce had been filed before this date, defendant and the victim both continued to reside in the marital home with their children. Defendant and the victim worked different shifts and the victim resided in the lower level of the tri-level home. The victim testified she was sleeping in the basement when defendant entered the room and sexually assaulted her. Before trial, defendant filed a motion to admit evidence showing he and the victim had subsequent consensual sexual relations, that he and the victim during the course of their marriage engaged in acts similar to those which form the basis of the charges, and that the victim had engaged in sexual relations with a third party. At issue on appeal is the trial court's ruling admissible evidence showing subsequent sexual contact between defendant and the victim occurring within thirty days of the alleged assault.

The admissibility or inadmissibility of evidence regarding a victim's sexual conduct in criminal sexual conduct cases is governed by the rape-shield statute, MCL 750.520j; MSA 28.788(10). The statute reads in pertinent part:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the

victim's sexual conduct shall not be admitted un-
der sections 520b to 520g [MCL 750.520b-750.520g;
MSA 28.788(2)-28.788(7)] unless and only to the
extent that the judge finds that the following
proposed evidence is material to a fact at issue in
the case and that its inflammatory or prejudicial
nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct
with the actor.

(b) Evidence of specific instances of sexual activ-
ity showing the source or origin of semen, preg-
nancy, or disease.

Defendant argues the statute is inapplicable be-
cause the acts at issue involve subsequent rather
than "past sexual conduct." We find no merit to
this contention. As this Court previously stated in
*People v Stull,* 127 Mich App 14, 17; 338 NW2d
402 (1983):

Contrary to defendant's claim, this statute does
not only bar evidence of complainant's sexual
activity prior to the alleged rape. It bars, with two
narrow exceptions, evidence of *all* sexual activity
by the complainant not incident to the alleged
rape.

Having found the conduct at issue falls within
the exclusionary language of the statute, we must
next determine whether one of the exceptions to
exclusion apply. Subsection b regarding evidence
showing the source or origin of semen, pregnancy,
or disease has no relevance to the evidence defen-
dant seeks to admit. MCL 750.520j(1)(b); MSA
28.788(10)(1)(b). However, subsection a, permitting
under certain circumstances the admission of
"[e]vidence of the victim's past sexual conduct
with the actor," was utilized by the trial court in
support of its ruling that evidence of subsequent
sexual conduct between the victim and defendant

occurring within thirty days of the assault was
admissible. MCL 750.520j(1)(a); MSA 28.788(10)(1)
(a). The trial court found "past" conduct referred
to conduct that occurred before the date of trial,
not only conduct that occurred before the date of
the offense. We believe the trial court erred in so
holding.

To read the statute as suggested by the trial
court renders the Legislature's use of the word
"past" meaningless. When construing a statute,
this Court presumes that every word has some
meaning and will avoid any construction that
renders a statute or any part of it surplusage or
nugatory. *Saint George Greek Orthodox Church of
Southgate v Laupmanis Associates, PC,* 204 Mich
App 278; 514 NW2d 516 (1994). We therefore find
the reference in subsection a to "past conduct"
encompasses conduct that occurs before the inci-
dent underlying the charges and not to conduct
subsequent thereto.[1]

Concluding the proffered evidence is inadmissi-
ble pursuant to the rape-shield statute does not
end the inquiry. Our Supreme Court has noted
that under certain limited situations exclusion of
evidence under the rape-shield statute may uncon-
stitutionally abridge a defendant's right to con-
frontation. *People v Hackett,* 421 Mich 338; 365

---

[1] Although we interpret the plain meaning of the statute to include
only that conduct that occurs before the incident at issue, we can not
say the Legislature intentionally excluded the application of the
exception to subsequent conduct. Rather, we believe the Legislature
more than likely failed to consider the issue at all. At the time of the
statute's enactment the typical criminal sexual conduct case rarely
involved the question of subsequent sexual conduct between the
defendant and the victim. However, given the amendment of MCL
750.520(l); MSA 28.788(12) to abolish the marital rape exception to
prosecution for criminal sexual conduct, see 1988 PA 138, and the
ever increasing recognition of the growing number and complex
nature of abusive relationships, it is likely the issue of subsequent
sexual conduct between the victim and the actor will continue to
arise. Nonetheless, it is the Legislature's, and not this Court's, func-
tion to keep legislation current.

NW2d 120 (1984). As examples, the Court noted situations involving the proffer of evidence of a complainant's prior sexual conduct for the narrow purpose of showing bias or ulterior motive for making a false charge as well as evidence indicating the victim had made false accusations in the past. *Id.* at 348.

To raise properly a claim that exclusion of evidence under the rape-shield statute violates a defendant's constitutional right to confrontation, a defendant must make an offer of proof and demonstrate its relevance to the purpose for which it is sought to be admitted. The motion is to be denied unless there is a "sufficient" showing of relevancy. Only if there is a sufficient offer of proof concerning a defendant's constitutional right to confrontation, "as distinct simply from use of sexual conduct as evidence of character or for impeachment," will an in camera evidentiary hearing be warranted. *Id.* at 350.

The evidence at issue herein does not fall under any of the categories noted by the Court in *Hackett.* Defendant wishes to use evidence of subsequent sexual conduct for impeachment purposes. Defendant's defense is that the incident never occurred. Defendant believes evidence that the victim engaged in subsequent sexual contact with defendant will indicate she is lying when she states sexual contact occurred on the date in question. We do not believe this follows. We agree evidence of prior as well as subsequent sexual contact between complainant and defendant may be relevant when the defense is consent. Consent however is not defendant's defense. Moreover even if we determined the proposed evidence possessed some probative value, there are many instances under the law where logically relevant evidence is excluded because of competing policy interests, i.e.

the protection of inquiry into privileged communications, the preclusion of hearsay, and the limitation of prior bad act evidence, MRE 404(b). These are familiar examples of instances in which the admissibility of probative evidence is restricted because of competing and superior policy. *Hackett, supra* at 345-346. Additionally, the law bars evidence that may prejudice and mislead the jury and is only of arguable probative worth. *People v Arnenda,* 416 Mich 1; 330 NW2d 814 (1982).

Here, defendant attempts to introduce evidence of the victim's sexual conduct merely for impeachment purposes. This does not rise to the level of a "sufficient" showing of relevance necessitating an in camera hearing. *Hackett, supra; People v Byrne,* 199 Mich App 674; 502 NW2d 386 (1993), let alone a finding of a violation of defendant's right to confrontation. Exclusion of the evidence will not unduly infringe defendant's constitutional right to confrontation.

That portion of the order permitting the introduction of the contested evidence, therefore, is vacated.

SHEPHERD, J., concurred.

W. J. GIOVAN, J. *(dissenting).* In my view the rape-shield statute does not bar evidence of the complainant's sexual conduct with the defendant that occurred after the date of the alleged assault.

The majority says that the plain meaning of the applicable exception[1] ("Evidence of the victim's past sexual conduct with the actor.") is that the questioned evidence is not part of the exception. If the plain meaning of a statute is ordinarily reflected in its literal words, then the plain meaning here is that the evidence is not excluded. Evidence

[1] MCL 750.520j(1)(a); MSA 28.788(10)(1)(a).

is offered at trial, and the conduct at that time is "past" conduct whether it occurred before or after the alleged assault.

But the meaning is not quite plain enough, it seems, as the majority finds it necessary to resort to a rule of construction, the one applied here being that we must presume that every word in a statute has meaning so that none of them can be seen as surplusage or nugatory. Accordingly, it is said, because all conduct is "past" at the time of trial, that word would be unnecessary if it applied literally to all past conduct; and so the word "past" must be understood as referring only to conduct that occurred before the offense charged, and not after.

Remarkably, however, after using the "no wasted words" rule as the only justification for finding a meaning in the statute that does not fit its literal words, the majority opinion goes on to say that the premise of the rule does not exist. The principle of *Saint George Orthodox Church of Southgate v Laupmanis Associates, PC,* 204 Mich App 278; 514 NW2d 516 (1994), that the majority applied is meaningless unless there is room for its presumption that the Legislature carefully thought about the consequences of each word it used. But we are assured by the majority—and I quite agree—that, in fact, the Legislature did not think about this issue at all. What we have, then, is not a reading of the plain meaning of the statute, but instead a construction of the artificial result of applying an assumption that is acknowledged to be nonexistent.

The majority declines responsibility for the result by saying that it is the Legislature's obligation, not the Court's, to "keep legislation current." But no action by the Legislature is required. All that is necessary is that the Court itself abstain

from a pretense that the Legislature carefully projected the consequence of each word it used when we know that it did not. The majority seems somehow obliged to reach an unintended result for no better reason than that the words fell onto the paper in a given arrangement. Dubbed the "dictionary" school of construction,[2] that has never been an accepted method of interpreting statutes.

Instead of construing the statute under a nonexistent premise, or under the principle of *People v Stull,* 127 Mich App 14; 338 NW2d 402 (1983), whose context—sexual conduct with a third person —is also absent here, the statute should have been viewed in the light of what the Court said in *People v Perkins,* 424 Mich 302, 307-308; 379 NW2d 390 (1982), which, like the case at bar, involved conduct between a complainant and an accused:

> Because the proposed testimony in this case related to sexual activity between the complainant and the defendant, the strong prohibitions on evidence of a complainant's past sexual activities, which we have discussed in several recent opinions,[6] are not involved.[7] As the statute indicates, we are faced with the more usual evidentiary issues of the materiality of the evidence to the issues in the case and the balancing of its probative value with the danger of unfair prejudice.

[6] See *People v Hackett,* 421 Mich 338; 365 NW2d 120 (1984); *People v Williams,* 416 Mich 25; 330 NW2d 823 (1982); *People v Arenda,* 416 Mich 1; 330 NW2d 814 (1982).

[7] As we explained in *People v Arenda,* n 6 *supra:*

"The rape-shield law, with certain specific exceptions, was designed to exclude evidence of the victim's sexual conduct *with persons other than defendant.* . . .

"The prohibitions contained in the rape-shield law represent a legislative determination that, in most cases, such evidence is irrelevant. . . .

[2] *Schwartz v Mills,* 192 F2d 727, 733, (CA 2, 1951), quoting Judge Learned Hand.

"The prohibitions in the law are also a reflection of the legislative determination that inquiries into sex histories, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury." 416 Mich 10. (Emphasis added.)

Indeed, MRE 404(a)(3) provides for different treatment of evidence of prior sexual activity between a complainant and a defendant:

"(a) Character Evidence Generally. Evidence of a person's character or trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

\* \* \*

"(3) Character of Victim of Sexual Conduct Crime. In a prosecution for a criminal sexual conduct, evidence of the victim's past sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease."

[Footnotes 8 and 9 omitted.]

The evidentiary prohibitions that the Court references are aimed at avoiding (1) the unnecessary humiliation of complainants, (2) deterrents to the reporting and prosecution of sexual assaults, and (3) distraction from the question of guilt of the accused. *People v Arenda,* 416 Mich 1; 330 NW2d 814 (1982). Sexual conduct with the very person accused of the assault, on the other hand, has a qualitatively different level of probative value, and if the Legislature was not at all concerned with excluding evidence of such conduct, as the Supreme Court observes, it is patently inappropriate to infer that they drew a distinction about it on the basis whether it occurred before or after the time of the crime charged.

It should be obvious, then, that the word "past" was used in the statute in its ordinary sense. Whether or not it measures up to a scrivener's punctilio, there is nothing manifestly irregular, after all, in referring to all conduct that has occurred in the past as "past" conduct. Take, for example, the following passage from the majority opinion in *People v Hackett,* 421 Mich 338, 347-348; 365 NW2d 120 (1984):

> By enacting a general exclusionary rule, the
> Legislature recognized that in the vast majority of
> cases, evidence of a rape victim's *prior* sexual
> conduct with others, and sexual reputation, when
> offered to prove that the conduct at issue was
> consensual or for general impeachment is inadmis-
> sible. [Emphasis supplied.]

The word "prior" is used here as a synonym for
"past." If we can assume that a Supreme Court
justice writing for publication will be at least as
diligent with language as an anonymous drafter of
legislation, and if we were to apply the same rule
of construction that the majority does with the
statute, we would say that, because the word
"prior" is otherwise superfluous, we must regard
the Court as saying that the general exclusionary
rule bars evidence of a victim's sexual conduct
that occurs before the alleged crime, but not after.
That would be a tortured view of what the Court
said, and the result reached here is hardly more
acceptable.

Besides ruling that the proffered evidence is
excluded by the rape-shield act, the majority adds
that it has insufficient probative value to com-
mand admissibility under the constitutional right
of confrontation.[3] The defendant contends, and the
trial court has agreed, that the evidence of subse-
quent consensual relations is relevant to show that
the assault never occurred because, if he had
forcibly assaulted her as alleged, she would not
have agreed to have sex with him on two occasions
within a relatively short time thereafter. While
the later acts of consensual sex would not neces-
sarily preclude a finding that the complainant was

[3] See *People v Hackett, supra.* As is perhaps obvious, I do not
suggest that it is necessary to resort to the constitution to justify
admission of the evidence.

assaulted, they are certainly not irrelevant to the point. MRE 401.

The majority says that the evidence is not sufficiently probative because it is offered only for "impeachment." But it can say that only by distorting the meaning of the term. The proffered evidence would be impeachment, it is said, because the defendant contends that the assault never occurred and, therefore, the defendant is saying that the complainant is lying.

Saying that the assault never occurred is contradiction, not impeachment. In the law of evidence "impeachment" refers to an attack on the capacity of a witness to tell the truth in regard to moral character, mental capacity, bias, interest, corruption, and the like. Offering contradictory testimony on the substantive issues in the case is something quite different, and any impeaching effect of such evidence is incidental. 3A Wigmore, Evidence (Chadbourn rev), § 908, p 698.

The majority's definition of "impeachment" coincides with the prosecutor's definition of "prejudice." When asked on oral argument how the complainant would be prejudiced by the evidence, the prosecutor responded that a jury might conclude that the acts of consensual sex are inconsistent with her having been assaulted by the defendant.

Precisely so. The excluded evidence, apparently, would tell us too much about the truth of what occurred. The barely hidden rationale behind these irregular notions of impeachment and prejudice is the proposition that the rape-shield statute excludes evidence of a defendant's innocence in order to protect the complainant from being exposed as a liar. Surely we have not yet come to that.

If any additional proof were necessary to demon-

strate the full extent of the anomaly of today's ruling, it would be supplied by the fact that the excluded evidence bears no resemblance to the policy behind the rape-shield statute, which, in a word, is to protect complainants from unnecessarily embarrassing evidence of sexual conduct. The degrading and reputation-rending conduct that the Court will keep from the ears of the jury in this case is that the complainant, a married woman, agreed to have sexual relations with her husband on two occasions. If the word should get out, probably no one will speak to her again.

What we are left with, then, is that evidence that is probative of the defendant's innocence and that the Legislature never thought of excluding, and which imputes no unchaste behavior to the complainant, must be excluded nevertheless in order to spare the Legislature from the charge of extravagance in the use of a single word.

In my view the trial court did not abuse its discretion in deeming the questioned evidence admissible. For the above reasons I say that it properly could not have reached a different result.