636 N.W.2d 771 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Dana Ray SCOTT, Defendant-Appellant.
Docket No. 119067, COA No. 218733.
Supreme Court of Michigan.
December 28, 2001.

ORDER
On order of the Court, the delayed application for leave to appeal from the March 13, 2001 decision of the Court of Appeals is considered, and it is DENIED, *772 because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
Defendant was convicted of CSC I as a result of sexually abusing a young child in his mother's foster care. At trial, defendant sought to introduce evidence that the child had made a similar complaint about sexual abuse that occurred shortly after the abuse by defendant. Before trial, defendant notified the prosecutor that he was going to introduce evidence concerning this second allegation to show that the allegation against him was fabricated. The trial court denied defendant's request to admit the evidence on the basis of the rape-shield statute. MCL 750.520j. The Court of Appeals affirmed.
I would grant leave in this case in order to consider a number of issues relating to the rape-shield statute. These issues are as follows: (a) whether evidence relating to the rape of a complainant constitutes evidence of a complainant's "conduct" under the rape-shield statute; (b) whether the rape-shield statute is applicable in situations where evidence is offered, not for the purpose of showing a complainant's sexual history, but in order to show the absence of such sexual history, in other words, to show that a complainant fabricated the fact that she had engaged in any sexual activity; and (c) whether, if the rape-shield statute does apply to nonconsensual sex, i.e., rape, the statute in the instant circumstances must nevertheless recede before the requirements of the Sixth Amendment and Const. 1963, art. 1, § 20.
First, the Legislature's use of the word "conduct" in the rape-shield statute arguably indicates a desire by the Legislature to prohibit only evidence of a complainant's prior voluntary/consensual sexual activity. Indeed, "conduct" means, among other things, "to behave or manage (oneself)." Random House Webster's College Dictionary (2001), p. 275. When one "behaves or manages oneself," it can be fairly stated that one's actions are the result of the exercise of free will. This volitional interpretation of "conduct" appears to be consistent with this Court's prior discussion of the rape-shield statute in People v. Adair, 452 Mich. 473, 550 N.W.2d 505 (1996). In Adair, this Court stated that the rape-shield statute "was aimed at thwarting the then-existing practice of impeaching the complainant's testimony with evidence of the complainant's prior consensual sexual activity, which discouraged victims from testifying `because they kn[e]w their private lives [would] be cross-examined.' "Id. at 480, 550 N.W.2d 505 (emphasis added).
Second, in the case at bar, defendant sought to admit the evidence in controversy not to show that the complainant had, in fact, engaged in sexual conduct, but instead to show that complainant had not engaged in any such conduct. Because the evidence was offered to demonstrate an absence of conduct, it is not immediately apparent why such evidence should be viewed as "[e]vidence of specific instances of the victim's sexual conduct" under the statute.
Finally, I believe that, even if the rape-shield statute precludes the admission of evidence concerning nonconsensual sexual activity, the evidence at issue may still be admissible in order to protect defendant's constitutional right to confrontation under the Sixth Amendment and Const. 1963, art. 1, § 20. This Court has stated that in "certain limited situations" evidence that falls within the scope of the rape-shield statute may be admissible to show that an accusation is false. Adair, supra at 484, *773 550 N.W.2d 505; People v. Hackett, 421 Mich. 338, 348, 365 N.W.2d 120 (1984).
Because I believe that the present case implicates each of these issues, and because the trial court's decision potentially has prejudiced defendant substantially, I would grant leave to appeal for the purpose of further considering them.