# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ARTHUR LAROME JEMISON,

        Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 334024
Wayne Circuit Court
LC No. 15-010216-01-FC

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

MURRAY, J., (*concurring*).

I concur with the majority's resolution of this appeal, but write separately to express my agreement with Chief Justice BRICKLEY'S partial dissent in *People v Adair*, 452 Mich 473, 492-494; 550 NW2d 505 (1996), where he recognized that the *Adair* Court's interpretation of "past" within MCL 750.520j(1)(a) rendered that word nugatory:

> The majority finds support for its conclusion in the dictionary definition of "past" as " 'having occurred during a time previous to the present.' " Op. at 511, n. 8. However, the dictionary definition of "past" makes it meaningless in the context of the statute. In order for evidence of sexual conduct to be admitted at trial, the conduct must necessarily have occurred during a time previous to the trial. It would be impossible to admit evidence of future sexual conduct. The result reached by the majority could have been obtained had the Legislature worded the exception so as to permit the admission of "evidence of the victim's sexual conduct with the actor" or "evidence of the victim's other sexual conduct with the actor," rather than evidence of "the victim's *past* sexual conduct with the actor." However, as the statute is written, in order to imbue "past" with meaning, this Court should find that only evidence of conduct that occurred before the alleged assault may be admitted.

> The majority's construction is not possible under the rule requiring that every word in a statute be given meaning. I conclude that the proffered evidence does not fall within the exception to the rape-shield statute permitting the admission of evidence of past sexual conduct because it deals with sexual conduct that occurred after the incident. [Citation omitted.]

-1-

Although the *Adair* Court's interpretation of "past" may lead to a more practical application of the statute, as Chief Justice BRICKLEY explained, reading "past" to include all sexual acts that occurred prior to the admission of the evidence would include *all* such acts, thus making the Legislature's use of the limiting word "past" meaningless.  We are not permitted to read a word out of a statute.  *Yachcik v Yachcik*, 319 Mich App 24, 32; 900 NW2d 113 (2017).

/s/ Christopher M. Murray