PEOPLE v BYRNE

Docket No. 164602. Submitted May 20, 1993, at Lansing. Decided May
24, 1993, at 9:00 A.M.

James P. Byrne was charged in the Huron Circuit Court with
first-degree criminal sexual conduct. The alleged victim, a
seven-year-old girl, had been the subject of child protective
proceedings in probate court and had been the complainant in
her father's prosecution and conviction for third-degree crimi-
nal sexual conduct. Byrne moved for a discovery order directing
the prosecuting attorney to provide him with the prosecuting
attorney's files in the girl's protective proceedings in probate
court and in her father's criminal prosecution, arguing that
those files would be helpful in the development of a defense
that the girl had imagined the alleged sexual encounter with
Byrne. The court, M. Richard Knoblock, J., granted the motion
and also ruled admissible any evidence regarding the girl's
prior sexual experience that the defendant may present from
the files. The Court of Appeals, in lieu of granting or denying
the prosecution's application for leave to appeal, decided the
case by peremptory opinion.

The Court of Appeals *held:*

The trial court appropriately ordered discovery of the prose-
cuting attorney's files, but prematurely ruled that any evidence
from those files was admissible with regard to the girl's prior
sexual experience.

1. Because the ordered discovery would aid the defendant in
preparing his defense and discoverable matters may include
those that are not admissible as evidence at trial, the trial
court's discovery order was appropriate under the circum-
stances of this case.

2. Evidence of prior sexual conduct by an alleged victim of
criminal sexual conduct is not barred by the rape-shield statute

REFERENCES

Am Jur 2d, Rape §§ 53, 86.

Admissibility of evidence that juvenile prosecuting witness in sex
offense case had prior sexual experience for purposes of showing
alternative source of child's ability to describe sex acts. 83
ALR4th 685.

where it is offered to preserve a defendant's constitutional right of confrontation. In order for such evidence to be deemed admissible, the defendant must initially make an offer of proof regarding the relevance of the proposed evidence. Upon such offer of proof, the trial court must conduct a hearing in camera to determine admissibility. In this case, the trial court's determination that any evidence from the prosecuting attorney's files with respect to the child's prior sexual experience is admissible was premature in the absence of an offer of proof regarding relevance and a proper hearing in camera. In order to establish the relevance of the proposed evidence to the defense theory of transference, the defendant must show that the conduct he is alleged to have committed is highly similar to the conduct for which the girl's father was convicted.

Affirmed in part, reversed in part, and remanded.

RAPE — CRIMINAL SEXUAL CONDUCT — EVIDENCE OF PRIOR SEXUAL CONDUCT.

 Evidence of prior sexual conduct by an alleged victim of criminal sexual conduct is not barred by the rape-shield statute where it is offered to preserve a defendant's right of confrontation; the defendant must initially make an offer of proof regarding the relevance of such evidence; upon such offer of proof, the trial court must conduct a hearing in camera to determine admissibility (MCL 750.520j; MSA 28.788[10]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Leslie A. Hagen,* Prosecuting Attorney, for the people.

*Douglas J. Lee,* for the defendant.

Before: TAYLOR, P.J., and SHEPHERD and JANSEN, JJ.

TAYLOR, P.J. The Huron County Prosecuting Attorney seeks leave to appeal a May 19, 1993, order of the Huron Circuit Court, which denied defendant's motion for a psychiatric examination of the victim, but granted his motion to allow discovery of the prosecutor's file concerning the victim's father, who has been convicted of criminal sexual conduct involving his daughter in unrelated

proceedings. The circuit court's order also allows discovery of the related probate court file, and allows defendant to introduce at trial evidence of the victim's prior sexual experience. In lieu of disposing of this application by order, MCR 7.205(D)(2), and because we believe our resolution of the issues presented will provide valuable guidance to the trial bench and bar concerning matters that frequently arise in criminal sexual conduct prosecutions, we have elected to decide the application by peremptory opinion. *People v Nicolaides,* 148 Mich App 100, 101; 383 NW2d 620 (1985); *Manuel v Dep't of Corrections,* 140 Mich App 356, 357; 364 NW2d 334 (1985).

Defendant is charged with a single count of first-degree criminal sexual conduct. The complainant, a seven-year-old girl, testified at preliminary examination that defendant inserted his tongue in her anus in mid-December 1992. Apparently, the victim was visiting defendant's seven-year-old sister, and had been invited to spend the night of December 11-12, 1992.

On November 30, 1992, the victim's father pleaded guilty of third-degree criminal sexual conduct involving his daughter. On January 4, 1993, the father was sentenced to three to fifteen years' imprisonment.

At a hearing regarding defendant's motion, defense counsel argued that he had no information concerning the particulars of the criminal sexual conduct the father allegedly perpetrated on his daughter. However, he claimed that he was privy to information suggesting that the victim had been having nightmares and sleep disturbances as a result of the sexual predations of her father, and accordingly he was contemplating a defense predicated on the contention that, while the victim would appear to be truthful and undoubtedly be-

lieves her allegations against defendant, the entire episode is a figment of her imagination.

Defense counsel argued to the court that, in order to prepare a defense, he needs access to the prosecutor's files relating both to child protective proceedings in probate court and to the criminal charges in circuit court involving the father. Counsel also urged that he needs to introduce evidence of the victim's prior sexual involvement with her father, first, to explain to the jury, in a manner not destructive of defendant's presumption of innocence, how a seven-year-old child could have intimate knowledge of sexual matters, and, second, in support of his "figment of the imagination" defense.

Although the prosecutor's statement of the issue focuses on the questions of discovery and admissibility, the argument portion of the prosecutor's brief effectively fails to address the question of discovery. We generally do not address the merits of unbriefed issues. *People v Heard,* 178 Mich App 692; 444 NW2d 542 (1989). In any event, in the civil as well as the criminal context, it is well established that inadmissible matters may be discoverable in aid of trial preparation. *People v Baskin,* 145 Mich App 526; 378 NW2d 535 (1985).

Because the ultimate admissibility of evidence in support of one of the defense theories would require the defendant to offer concrete evidence, *People v Williams,* 191 Mich App 269; 477 NW2d 877 (1991), the discovery order therefore seems appropriate with respect to the prosecutor's criminal file involving the victim's father—note that, had the father not pleaded guilty, the prosecutor would have had to present that information in a public trial—and because no separate argument is made concerning the discoverability of the probate

court material, that portion of the trial court's order will be left undisturbed.

However, the trial court has prematurely ruled that evidence in support of the defense theory that might be obtained from the father's criminal and probate files will be admissible in this trial. First, information concerning the victim's past sexual experience is clearly inadmissible when offered to explain her familiarity with sexual matters in a manner not inculpatory of defendant. *People v Arenda*, 416 Mich 1; 330 NW2d 814 (1982).

The "figment of the imagination" theory of the defense might just possibly be sufficiently intertwined with defendant's Sixth Amendment right of confrontation so as to overcome the exclusionary effect of the rape-shield statute, MCL 750.520j; MSA 28.788(10). However, a trial court considering such an issue, should always favor exclusion as long as exclusion does not abridge the defendant's right of confrontation. *People v Zysk*, 149 Mich App 452, 459; 386 NW2d 213 (1986), citing *People v Hackett*, 421 Mich 338, 349; 365 NW2d 120 (1984).

The defendant is obligated initially to make an offer of proof regarding the proposed evidence and to demonstrate its relevance. Absent a sufficient showing of relevancy in the offer of proof, the motion for admission, whether presented at trial or in limine, must be denied. *People v Hackett, supra* at 350.

Even where the defendant surmounts that first hurdle, the next step is not admissibility at trial, but an in camera evidentiary hearing to determine the admissibility of the evidence in light of the constitutional inquiry. *Id.* Since *Hackett,* this Court has refused to even reach the merits of admissibility unless and until the trial court first conducts the requisite in camera hearing. *People v*

*Lucas (On Remand),* 193 Mich App 298, 302; 484 NW2d 685 (1992). In this regard, it should be noted that the in camera hearing contemplated by *Hackett* is on the record, but outside the presence of the jury and the public, thereby facilitating the task of appellate review. *Hackett, supra* at 350. ("A hearing held outside the presence of the jury to determine admissibility promotes the state's interests in protecting the privacy rights of the alleged rape victim while at the same time safeguards the defendant's right to a fair trial. Furthermore, this procedure establishes a record of the evidence for appellate review of the trial court's ruling.")

Before remanding the *Lucas* case, *supra,* the Supreme Court of the United States recognized that, merely because a statute, such as the rape-shield statute, infringes a defendant's Sixth Amendment right of confrontation does not make it unconstitutional. The Sixth Amendment right of confrontation is subject to a balancing test involving other legitimate state interests in the criminal trial process, including avoiding, among other things, harassment, prejudice, confusion of the issues, safety of the witness, or interrogation that is repetitive or only marginally relevant. *Michigan v Lucas,* 500 US —; 111 S Ct 1743; 114 L Ed 2d 205, 212 (1991).

At a minimum, defendant in this case would have to establish that the sexual conduct of which he is accused is highly similar to that charged against the victim's father. Defendant is charged with inserting his tongue in the victim's anus; if the father engaged only in relatively dissimilar sexual conduct, the evidence would be inadmissible as irrelevant, its prejudicial impact grossly exceeding its probative value. *Zysk, supra* at 459-460.

In *Zysk,* the defendant claimed that he and the

complainant had previously engaged in consensual oral sex and bondage. However, Zysk was charged with first-degree criminal sexual conduct involving use of a weapon and vaginal and anal penetration. This Court held that evidence of such dissimilar prior sexual acts would not be relevant and was therefore barred by the rape-shield statute. The factual particulars of the charge against this defendant are sufficiently unique that it may eventuate that the defense notion of "transference" cannot be adequately tied to the prior sexual abuse of the victim to warrant its introduction into evidence.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.