*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW JOHN KNAPP,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 368416
Kent Circuit Court
LC No. 22-011237-FH

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's order denying his motion to admit evidence of a prior allegation of sexual abuse made by the complainant, AM. We affirm.

## I. FACTUAL BACKGROUND

Defendant was charged with two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a), after AM alleged that defendant forced him to touch defendant's penis on three separate occasions. AM is the son of defendant's ex-fiancée. During the investigation that followed these allegations, defendant reported to law enforcement that AM previously reported that some of his friends had touched him sexually. Defendant explained that AM demonstrated what occurred, purportedly in front of defendant and defendant's mother, by slightly pulling down his pants and stroking his penis. After making this report to law enforcement, defendant moved the trial court to admit evidence of AM's prior allegation of sexual abuse. Defendant requested an *in camera* evidentiary hearing on the admissibility of evidence related to the prior allegation.

In his offer of proof, defendant referred to his own interview with law enforcement as support for the contention that AM had accused others of sexual assault in the past. In addition, defendant noted that AM's mother and defendant's mother were aware of AM's prior allegations.

---

[1] *People v Knapp*, unpublished order of the Court of Appeals, entered March 19, 2024 (Docket No. 368416).

Defendant argued that the evidence was relevant and admissible for noncharacter purposes, including (1) establishing an alternative source of AM's age-inappropriate sexual knowledge; (2) showing AM's motive to make a false accusation against defendant; and (3) challenging the credibility of AM's mother, who told the police she did not know AM made sexual assault accusations in the past.

In response, the prosecution argued that defendant's offer of proof was insufficient to warrant an *in camera* evidentiary hearing because it relied solely on defendant's and his mother's self-serving statements to law enforcement. The prosecution also argued that defendant failed to provide sufficient evidence that AM's prior allegation was significantly similar to the instant allegation and that the prior allegation was false. The trial court denied defendant's motion, finding that defendant failed to make a sufficient offer of proof to necessitate an *in camera* evidentiary hearing. The trial court reasoned that defendant relied solely on self-serving statements to establish that the prior allegation occurred and failed to establish significant similarity between the allegations.

Defendant moved for reconsideration, arguing that statements from additional witnesses supported his contention that AM made the prior allegation and that the allegation was false. The motion included an exhibit stating that a neighbor reported that AM's mother told her that AM made the prior allegation to defendant. Defendant also asserted that the prior allegation was false and supported his contention with evidence that AM denied ever being touched sexually in the past during a forensic interview. The trial court denied defendant's motion for reconsideration, noting that it presented the same issues that the court previously ruled on, either expressly or by implication. The trial court acknowledged that defendant expanded upon and provided additional witness statements to support his request for an *in camera* evidentiary hearing; however, it concluded that he still failed to make a sufficient offer of proof to entitle him to an *in camera* evidentiary hearing. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews evidentiary decisions for an abuse of discretion." *People v Butler*, 513 Mich 24, 29; 6 NW3d 54 (2024). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). "The trial court's decision on close evidentiary questions cannot by definition be an abuse of discretion." *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001) (quotation marks and citation omitted). "However, a trial court's construction of a statute, such as the rape-shield statute, and interpretation of constitutional issues, such as the right to confrontation, are questions of law that are reviewed de novo." *Butler*, 513 Mich at 29.

### B. ADMISSIBILITY OF EVIDENCE

On appeal, defendant contends that that the trial court abused its discretion by denying his request for an *in camera* evidentiary hearing on the admissibility of AM's prior allegation. He contends that his offer of proof established that the prior allegation was relevant to (1) establish

the source of AM's age-inappropriate sexual knowledge, and (2) show that AM previously made a false allegation of sexual abuse. We disagree.

Michigan's rape-shield statute, MCL 750.520j, provides:

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the actor.

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

This statute "and its parallel provisions in the Michigan Rules of Evidence, MRE 404(a)(3), constitute a policy determination, that sexual conduct or reputation as evidence of character and for impeachment, while perhaps logically relevant, is not legally relevant." *People v Hackett*, 421 Mich 338, 346; 365 NW2d 120 (1984). The rape-shield statute generally excludes "evidence of a rape victim's prior sexual conduct with others, and sexual reputation, when offered to prove that the conduct at issue was consensual or for general impeachment is inadmissible." *Id*. at 347-348. However, "in certain limited situations, such evidence may not only be relevant, but its admission may be required to preserve a defendant's constitutional right to confrontation." *Id*. at 348. Such situations include when a defendant proffers evidence to (1) demonstrate bias, (2) prove ulterior motives for making a false allegation, (3) show that a complainant has a history of making false allegations, and (3) show the source of a complainant's age-inappropriate sexual knowledge. *Id*. at 348-349; see also *People v Morse*, 231 Mich App 424, 436; 586 NW2d 555 (1998).

"The determination of admissibility is entrusted to the sound discretion of the trial court." *Hackett*, 421 Mich at 349. In exercising that discretion, the trial court must "be mindful of the significant legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct", provided that doing so would not violate a defendant's right to confrontation. *Id*. For such evidence to be admissible, "[t]he defendant is obligated initially to make an offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted." *Id*. at 350. "If there is a sufficient offer of proof as to a defendant's constitutional right to confrontation, as distinct simply from use of sexual conduct as evidence of character or for impeachment," then the trial court must order an *in camera* evidentiary hearing to determine the admissibility of the evidence. *Hackett*, 421 Mich at 350.

Defendant argues that if AM's prior allegation is true, the evidence of the allegation is relevant to AM's credibility. He further contends that it is admissible to establish a source, other than defendant, of AM's age-inappropriate sexual knowledge. For the evidence to be admissible, the facts underlying the previous sexual abuse must be "significantly similar" to the charged offense. *Morse*, 231 Mich App at 437. Here, AM alleged that defendant forced him to give

-3-

defendant a "hand job." When describing this act during his forensic interview, AM demonstrated a stroking motion. According to defendant, when AM disclosed the previous sexual-abuse allegation to him, AM demonstrated the inappropriate touching by pulling down his pants and stroking his own penis. These two acts are similar, but not identical. The prior allegation involved AM's penis being touched sexually by someone else, whereas the current allegation involved AM being forced to touch defendant's penis sexually. However, the key similarity is that both incidents involved the sexual touching of a penis. In describing both of the acts, AM purportedly employed the same hand motions. Therefore, there was sufficient similarity between the two incidents to render the prior allegation potentially relevant.

However, as to the argument regarding the source of AM's age-inappropriate sexual knowledge, it is worth noting that AM was 12 years old when he disclosed the alleged prior sexual abuse to defendant. Given AM's age, it is speculative on defendant's part to presume that AM's sexual knowledge was age-inappropriate or that it derived from the prior incident. See *People v Duenaz*, 306 Mich App 85, 93; 854 NW2d 531 (2014) (holding that it was "pure speculation" to suggest that the complainant's knowledge of sexual matters, including vaginal penetration, was inappropriate at 12 years of age).

Additionally, for evidence of previous sexual abuse to be admissible to show the complainant's age-inappropriate sexual knowledge, the trial court must determine whether

> (1) defendant's proffered evidence is relevant, (2) defendant can show that another person was convicted of criminal sexual conduct involving the complainants, and (3) the facts underlying the previous conviction are significantly similar to be relevant to the instant proceeding. [*Morse*, 231 Mich App at 437.]

Here, the evidence does not satisfy the second prong. Defendant made no offer of proof that the children who allegedly inappropriately touched AM have been convicted of a crime. "[T]he trial court has . . . the responsibility . . . to guard against mere fishing expeditions" when deciding "whether a sufficient offer of proof has been made to necessitate an evidentiary hearing under *Hackett*." *Butler*, 513 Mich at 31 (quotation marks and citations omitted; ellipsis in original). Even though the previous sexual abuse and the instant charges are similar, the trial court did not abuse its discretion by denying defendant's request for an *in camera* evidentiary hearing under these circumstances.

Defendant also argues that if AM's prior allegation is false, the evidence is relevant to AM's credibility and admissible to establish a previous false allegation. That a complainant has made previous false allegations of sexual abuse "directly bears on the victim's credibility and the credibility of the victim's accusations in the subsequent case[.]" *People v Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991). Precluding the admission of such evidence could potentially "abridge the defendant's right to confrontation." *Id.* Indeed, "it has long been recognized by Michigan courts that, in defense against a charge of sexual assault, the defendant should be permitted to show that the complainant has made false accusations of rape in the past." *People v Rogers*, 335 Mich App 172, 203; 966 NW2d 181 (2020) (quotation marks and citation omitted).

Regarding the admissibility of a prior accusation of sexual assault, our Supreme Court recently clarified that an offer of proof is sufficient to necessitate an evidentiary hearing when

there is "a showing of at least some apparently credible and potentially admissible evidence that the prior allegation was false." *Butler*, 513 Mich at 31. In *Butler*, the defendant was accused of sexual assault, but maintained that his encounter with the complainant was consensual. *Id.* at 27. The defendant moved for admission of evidence regarding a previous sexual-assault allegation made by the complainant against two other individuals. *Id.* The defendant argued that the prior allegation was false and, therefore, admissible at trial. *Id.* at 27-28. In his offer of proof, the defendant included statements by the two individuals accused by the complainant. *Id.* at 28. Neither person was charged with a crime in relation to the incident. *Id.* Both described the sexual encounter with the complainant as consensual. *Id.* The defendant sought to introduce testimony from several people, including the two individuals he alleged were falsely accused by the complainant, the police officers who investigated the prior allegation, and two other individuals who also claimed that the complainant had previously made false allegations of sexual assault. *Id.* The trial court determined that this offer of proof was sufficient to establish relevancy. *Id.*

Our Supreme Court agreed, holding that the defendant's offer of proof was sufficient to support granting an *in camera* evidentiary hearing to determine the admissibility of the evidence because the proffered testimony "provided at least some apparently credible and potentially admissible evidence that the prior allegations were false." *Id.* at 32. Cf. *Williams*, 191 Mich App at 273-274 (holding that the defendant's offer of proof was insufficient because "defense counsel had no idea whether the prior accusation was true or false . . . [and instead] merely wished to engage in a fishing expedition . . . to uncover some basis for arguing that the prior accusation was false.").

Here, the main evidence that AM made the prior allegation came from statements made to law enforcement by defendant and defendant's mother during the investigation of the current allegations. These statements are self-serving, given that defendant and his mother did not mention the information until after the police investigation began. However, defendant offered other evidence indicating that AM disclosed the prior allegation to him, including a statement by a neighbor indicating that AM's mother said she did not want AM spending the night at the home of the children who allegedly inappropriately touched AM. Further, in defendant's motion for reconsideration, he asserted that during AM's forensic interview, AM denied that his "private parts" had ever been touched by anyone else. Although AM did not state that his prior allegation was false, this statement does imply as much. Therefore, it was plausible for this statement to provide defendant with a basis to believe that the prior allegation was false.

Under *Butler*, 513 Mich at 31, defendant must make "a showing of at least some apparently credible and potentially admissible evidence" that AM's prior allegation was false to warrant an *in camera* evidentiary hearing. The statements from defendant, defendant's mother, and the neighbor were supported by exhibits and provided some apparently credible evidence that the prior allegation was made. However, the main—and most important—piece of evidence, which would support defendant's contention that the prior allegation was actually *false*, was the statement AM made during his forensic interview. Defendant presented no exhibits or documentary evidence to show that the statement was made during the interview. Rather, the only evidence presented before the trial court regarding AM's statement during the forensic interview was defendant's own motion. This, without more, failed to provide some apparently credible and potentially admissible evidence to show that AM's prior allegation was false. As earlier stated, "the trial court has . . . the responsibility . . . to guard against mere fishing expeditions" when deciding "whether a

sufficient offer of proof has been made to necessitate an evidentiary hearing under *Hackett*." *Id.* (quotation marks and citations omitted; ellipsis in original). Therefore, the trial court did not abuse its discretion by failing to conduct an *in camera* evidentiary hearing on the admissibility of evidence related to the prior allegation.

      Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado